Carroll E. Ditzler et al. *v.* City of Lebanon and Nofie J. Catalano, Councilman, Appellants.

70

Submitted on briefs, February 2, 1977, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Samuel G. Weiss, Jr.,* for appellants.

*James T. Reilly,* with him *Egli, Reilly, Wolfson and Feeman,* for appellees.

Opinion by Judge Wilkinson, March 3, 1977:

Appellants appeal the order of the Lebanon County Court of Common Pleas requiring them to continue the fluoridation of the public water system under their control pending the final disposition of all allowable appeals. We affirm.

Appellants were informed by the Department of Environmental Resources (DER) in September 1973 that a request to discontinue fluoridation of the public water system had been denied. In February 1974, a resolution for such discontinuation within 90 days was adopted by the city council. On March 22, 1974, appellees sought to enjoin appellants from interfering with the fluoridation program and a temporary injunction was granted on that date. On March 27, 1974, counsel for appellants, appellees and the DER agreed to a stipulation that allowed the appellant city to intervene in an appeal then pending before the Environmental Hearing Board (EHB) from the adverse ruling of the DER. In return, the city agreed not to discontinue fluoridation pending "the final disposition of all allowable appeals provided by the Administrative Code[1] and the Appellate Court Jurisdiction Act[2] or otherwise." The action in the court below was discontinued upon the allowance of the city to intervene in the appeal before the EHB.

In January 1975, the EHB upheld the DER and refused to permit the city to discontinue fluoridation. That order was reversed by this Court on December 2, 1975 in *Department of Environmental Resources v. City of Lebanon*, 22 Pa. Commonwealth Ct. 132, 348 A.2d 166 (1975). Appellees filed an appeal to the Supreme Court which was granted and is still pending.

On August 20, 1975, the tank which held the fluoride split and released all of its contents. Although there has been no contention nor evidence that any deliberate or intentional action caused the split, appellants have not fluoridated the water since that date. In November 1975, appellees brought an action for spe-

---

[1] The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §51 et seq.

[2] The Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.101 et seq.

cific performance in the Lebanon County Court of Common Pleas, alleging that the stipulation of March 27, 1974 obligated appellants to reintroduce fluoridation. The court upheld appellees' claim and ordered fluoridation. The court stated:

> Plainly and simply put the City of Lebanon agreed to continue the fluoridation of its public water supply system until all allowable appeals are terminated. This event has yet to occur. The City may not take advantage of the unfortunate rupture of its fluoride holding tank to avoid its legal promise and obligation. As we said in the beginning, this controversy is not about fluoridation of water but about an agreement.

This appeal followed.

Appellants' first argument is that the court below lacked jurisdiction to issue its order. They contend that jurisdiction over subject matter and parties was transferred to the EHB by the stipulation of March 27, 1974, and therefore any request for equitable relief should have been brought before this Court. We disagree. The stipulation itself bound appellants not to discontinue fluoridation "pending the final disposition of all allowable appeals. . . ." While this Court has exclusive jurisdiction over appeals from the EHB, the common pleas court is not deprived of its jurisdiction to order compliance with a prior agreement expressly enforcible during the pendency of appeals. "A compromise or settlement of litigation is always referable to the action or proceeding in the court where the compromise was effected; it is through that court the carrying out of the agreement should thereafter be controlled." *Melnick v. Binenstock*, 318 Pa. 533, 536, 179 A. 77, 78 (1935).

Appellants contend, however, that even if the common pleas court had jurisdiction to issue its order,

such order was contrary to the decision of this Court in *Department of Environmental Resources v. City of Lebanon, supra,* where we reversed the EHB and directed it to permit appellants to discontinue fluoridation. Again, we must disagree. That case did not consider the stipulation between the parties and decided only whether DER had properly exercised its discretion in refusing to allow the discontinuance of fluoridation. Our decision on that point did not nullify the effect of the stipulation or the order of the common pleas court pursuant thereto. Since an appeal from our decision is now pending before the Supreme Court, the order of the common pleas court continues in force and must remain so until the final disposition of all allowable appeals.

Accordingly, we will enter the following

ORDER

Now, March 3, 1977, the order of the Lebanon County Court of Common Pleas at No. 34 Equity Docket 1975, dated February 13, 1976, is hereby affirmed.